IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NET RESULTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1376 C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence M. Baskir |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**

Defendant, the United States, respectfully submits this paper in response to Plaintiff's Motion to Amend the Scheduling Order filed today. Defendant takes no position on the motion and leaves the outcome of motion to the discretion of the court. Nevertheless, defendant provides some additional relevant background information for the court to consider in connection with the instant motion.

## Introduction

Defendant takes no position regarding about the instant motion in light of the court's previous admonition in its January 30, 2007, Order that no further extensions of discovery would be granted "unless unusual circumstances occur." Defendant demurs as to whether the present

circumstances justify the requested extension of discovery based on that standard.

Defendant's Outstanding Offer of Inspection from January 2007

The third extension of discovery, which was granted by the court on January 30, 2007, was prompted by plaintiff's service of 25 new document requests on December 29, 2006, one month before the then-scheduled close of discovery. Defendant responded to those requests both by producing documents and by offering plaintiff an inspection of certain other documents in its responses dated January 29, 2007. (Attached as Ex. A). That same day, defendant moved the court for an extension of discovery to "allow defendant to process its production documents and to schedule the inspection." (Attached as Ex. B). The third extension was also sought to allow two outstanding depositions of defendant's designees to go forward "after plaintiff has considered the new documents." Id. Yet plaintiff never requested or sought to schedule the inspection during the February through April extension period. Indeed, defendant received no request to schedule the inspection even despite a letter from defendant to plaintiff on March 20, 2007, requesting that plaintiff should "contact [defendant]

immediately if plaintiff intends to take any further discovery." (Attached as Ex. C., redacted to remove settlement information).

The current extension of discovery was granted by the court on April 24, 2007, to allow scheduling of the two outstanding depositions. Plaintiff took those two depositions on May 21 and 22, 2007. At the May 21 deposition, plaintiff for the first time expressed its desire to inspect the documents described in the January 29, 2007, discovery responses. Defendant informed plaintiff that it would take some time to arrange for the inspection inside of the secure areas of Ft. Belvoir, Virginia, so this effort would extend beyond the current close of discovery.

The Wollny Declaration

On May 22, 2007, plaintiff's attorney told defendant's attorney that Mr. Thomas Wollny, plaintiff's principal and the named inventor of the patent-in-suit, would be submitting a declaration in this case. The declaration, which has not yet been served, will purportedly contradict certain testimony from Mr. Wollny's deposition of October 3 and 4, 2006. As such, plaintiff's attorney acknowledged that defendant would be entitled to another deposition of Mr. Wollny related to the content of the

forthcoming declaration. Defendant reserves the right to seek such a deposition, which could only occur after the close of the current discovery period.

Plaintiff's Revised Interrogatory Answers

In a teleconference on April 2, 2007, plaintiff's attorney indicated that plaintiff had revised its positions on the conception and reduction to practice of the patented invention.[1] Because these were the subject of one of defendant's interrogatories, and because the specifics of plaintiff's changed positions were not given at that time, defendant's attorney asked plaintiff to revise its interrogatory answers pertaining to conception and reduction to practice. With a letter dated May 9, 2007 (attached as Ex. D), and an e-mail dated May 16, 2007 (attached as Ex. E), defendant requested these revised answers, which defendant has not yet received.

---

[1] The dates of conception and reduction to practice are extremely important to a defendant in a patent infringement lawsuit because they determine whether certain references may be used as prior art to invalidate the patent. See 37 C.F.R. § 1.131(b). Because defendant is likely to dispute plaintiff's positions on conception and reduction to practice, the court will ultimately have to determine these dates as a matter of law based on based on subsidiary factual findings. See Cooper v. Goldfarb, 154 F.3d 1321, 1327 (Fed. Cir. 1998).

Plaintiff's attorney again assured defendant that these revised answers would be forthcoming during discussions on May 22, 2007. Plaintiff's requested extension would allow plaintiff to supplement these important interrogatory answers and for defendant to seek any further responsive discovery.

Plaintiff's Follow-Up Document Requests from the Recent Depositions

At the conclusion of the depositions of May 21 and 22, 2007, plaintiff's attorney indicated that plaintiff would seek certain additional documents that arose in testimony at the depositions. At present, defendant understands these to include documents on a certain procurement law policy, documents on export licenses for the accused device, and certain e-mails of the deponents. Defendant is today producing the procurement law policy, and it is in the process of obtaining documents on the export licenses. Defendant is awaiting word from plaintiff on specific requests for additional e-mails, which requests plaintiff's attorney indicated would be forthcoming. Defendant expects that its responses to some of plaintiff's follow-up document requests will extend past the current close of discovery.

## Settlement Discussions and ADR

While defendant is always amenable to settlement discussions, and while plaintiff has offered to discuss with defendant some of its new positions as they relate to the merits of the case, the parties remain far apart in their respective evaluations of this case. As such, defendant does not believe that further proceedings in this case should be postponed solely to accommodate settlement talks or ADR.

## The Upcoming Joint Status Report

Defendant concurs with plaintiff's motion to the extent it seeks leave to reset the date for submission of the final Joint Status Report pending the court's disposition of the instant motion.

Conclusion

Having provided what it believes to be pertinent background information to the court, defendant takes no position on the instant Motion to Amend the Scheduling Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/John A. Hudalla
JOHN A. HUDALLA
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0334
Facsimile: (202) 307-0345

Of Counsel:
GARY L. HAUSKEN
Attorney
U.S. Department of Justice

May 29, 2007

Attorneys for Defendant