IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NET RESULTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1376 C |
| | ) | |
| THE UNITED STATES, | ) | Judge Lawrence M. Baskir |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

In accordance with Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, hereby responds to Plaintiff's Fourth Set of Requests for Production of Documents and Things to Defendant, served December 29, 2006.

Comments

Defendant reserves the right to amend or supplement its responses pursuant to RCFC 26(e).

In certain instances herein, defendant offers to produce certain documents. This offer to produce documents is not an admission that such documents are admissible at a hearing or trial in this action, e.g., as

coming within an exception to the rule against hearsay. Nor is such an offer to produce documents an admission that responsive and/or non-objectionable documents exist for a given discovery request. Nor is such an offer to produce documents a waiver of defendant's right to exclude from discovery such documents based on the following privileges, exemptions, and restrictions:

(1) the attorney-client privilege;

(2) the attorney work product exemption;

(3) the community of interest privilege;

(4) the deliberative process privilege;

(5) the state secrets privilege;

(6) the "FOR OFFICIAL USE ONLY" (FOUO) restriction;

(7) the export control restriction;

(8) the Trade Secrets Act, 18 U.S.C. § 1905, or documents containing proprietary or other commercial information provided to defendant on a pledge of secrecy and confidentiality; and

(9) the restrictions of Rule 6(e) of the Federal Rules of Criminal Procedure.

With respect to offers to produce documents which contain information proprietary to defendant or a third party, or information subject to the "FOR OFFICIAL USE ONLY" or export control restrictions, such documents will be produced pursuant to a suitable protective order which is stipulated to by the parties and is entered by the court.

## General Objections

Defendant hereby makes the following General Objections to plaintiff's requests for the production of documents and things:

1. Defendant objects to these discovery requests to the extent that they seek documents covered by the attorney-client privilege, deliberative process privilege, or work product exemption.

2. Defendant objects to these discovery requests to the extent that they seek production of documents prepared by attorneys representing defendant after this action was commenced. Most, if not all, of such documents are subject to the attorney-client privilege, the attorney work product exemption, or other privileges. To produce these documents would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. RCFC 26(b)(2).

3. Defendant objects to these discovery requests to the extent that they are overly broad, unduly burdensome, unlimited in time, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to these discovery requests to the extent that they are vague and/or ambiguous.

5. Defendant objects to these discovery requests to the extent they seek the production of documents and things created after the date of filing of this lawsuit, August 24, 2004.

6. Defendant objects to these discovery requests to the extent they seek the production of documents and things that are not in the possession, custody, or control of defendant.

7. Defendant objects to plaintiff's numbering of discovery requests to the extent that they are not numbered consecutively. For example, plaintiff has begun this fourth set of requests with number 1 as the first request even though plaintiff has three times previously issued a request number 1 (on June 15, 2005, as part of its first set of requests; on April 28, 2006, as part of its second set of requests; and on September 29, 2006, as part of its third set of requests). Such duplication of request numbers creates confusion and ambiguity.

REQUEST NO. 1 [sic, 35]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Government's purchase of the AN/PSS-14 hand-held mine detection device. Your response should include solicitation(s), requests for proposal(s) and request for quote(s) for purchase, contract(s), purchase order(s), voucher(s), DD Form 250(s), delivery order(s) and task order(s) regarding these purchases hand-held mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the Government's purchase of the AN/PSS-14 hand-held mine detection device" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it is duplicative of plaintiff's Request No. 28. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at

defendant's production numbers G13525-G57610, G58369-G58656, G58674-G63440, G63464-G64845, and G65289-G66243. In addition, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 2 [sic, 36]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Army's fielding of the AN/PSS-14 hand-held mine detector devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer" and "fielding." Defendant interprets "fielding" to refer to the prioritization process by which AN/PSS-14 mine detectors are distributed to Army units throughout the world as such mine detectors become available. Furthermore, documents that "relate in any way to the Army's fielding of the AN/PSS-14 hand-held mine detector devices" may

include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 3 [sic, 37]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Government's purchase of the hand-held mine detection device(s) under the U.S. Army's Handheld Standoff Mine Detection System (HSTAMIDS) program. Your response should include solicitation(s), requests for proposal(s) and request for quote(s) for purchase, contract(s), purchase order(s), voucher(s), DD Form 250(s), delivery order(s) and task order(s) regarding these purchases hand-held mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by

"to which you refer." Furthermore, documents that "relate in any way to the Government's purchase of the AN/PSS-14 hand-held mine detection device" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it is duplicative of plaintiff's Request No. 28. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 4 [sic, 38]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Army's fielding of the hand-held mine detector devices purchased under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer" and "fielding." Defendant interprets "fielding" to refer to the prioritization process by which HSTAMIDS mine detectors were distributed to Army units throughout the world as such mine detectors became available. Furthermore, documents that "relate in any way to the Army's fielding of the hand-held mine detector devices purchased under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 5 [sic, 39]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which

relate in any way to the handheld mine detection devices purchased by the Government and that are used to detect IEDs, including any classified documents.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Subject to the foregoing general and specific objections, defendant does not have any responsive documents in its possession, custody, or control.

REQUEST NO. 6 [sic, 40]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the use of handheld mine detection devices to detect IEDs or counter-IEDs.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Subject to the foregoing general and specific objections, defendant does not have any responsive documents in its possession, custody, or control.

REQUEST NO. 7 [sic, 41]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Request for Proposal and/or Solicitation issued by the Government for the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program, including any classified documents.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the Request for Proposal and/or Solicitation issued by the Government for the

U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G29980-G38157, G41236-G47309, and G52951-G57610. In addition, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia. Defendant does not have any responsive classified documents in its possession, custody, or control.

REQUEST NO. 8 [sic, 42]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to meetings to discuss technical issues, including but not limited to technical interchange meetings (TIMs), regarding or relating to the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program and/or the development of the AN/PSS-14 handheld mine detector devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Defendant also objects to this interrogatory to the extent that it is overly broad, unduly burdensome, unlimited in time, and not reasonably calculated to lead to the discovery of admissible evidence. Documents that "relate in any way to meetings to discuss technical issues, including but not limited to technical interchange meetings (TIMs), regarding or relating to the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program and/or the development of the AN/PSS-14 handheld mine detector devices" includes a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant has already produced responsive documents that were located as part of a reasonable search. In addition, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 9 [sic, 43]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the engineering drawings, configuration control drawings, drawing packages, design and/or technical drawings provided to the Government regarding or relating to AN/PSS-14 handheld mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the engineering drawings, configuration control drawings, drawing packages, design and/or technical drawings provided to the Government regarding or relating to AN/PSS-14 handheld mine detection devices" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it is duplicative of plaintiff's Request No. 32. Subject to the foregoing general and specific objections, defendant has already produced responsive documents,

including without limitation the documents located at defendant's production numbers G64846-G65288. Defendant will be producing additional responsive documents that have been found as a result of a reasonable search. Defendant further responds that it did not purchase a Technical Data Package for the AN/PSS-14 mine detector, so defendant does not have a complete set of engineering drawings or configuration control documents for this system in its possession, custody, or control.

REQUEST NO. 10 [sic, 44]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the engineering drawings, configuration control drawings, drawing packages, design and/or technical drawings provided to the Government regarding or relating to handheld mine detection devices produced under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the engineering drawings, configuration control drawings, drawing packages, design and/or technical drawings provided to the Government regarding or relating to handheld mine detection devices produced under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it is duplicative of plaintiff's Request No. 32. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G64846-G65288. Defendant will be producing additional responsive documents that have been found as a result of a reasonable search. Defendant further responds that it did not purchase a Technical Data Package for the HSTAMIDS mine detectors, so defendant does not have a complete set of engineering drawings or

configuration control documents for this system in its possession, custody, or control.

REQUEST NO. 11 [sic, 45]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the Government's plan and/or decision to replace the AN/PSS-12 with the AN/PSS-14.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the Government's plan and/or decision to replace the AN/PSS-12 with the AN/PSS-14" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant

will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 12 [sic, 46]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the organizational charts for Night Vision and Electronic Sensors Directorate (Night Vision), which is located at Ft. Belvoir, Virginia. Please limit your response to the time period of 1990 through 2000. Please include in your response any organizational charts for predecessor divisions of Night Vision during this same time period to the extent that these prior organizational charts cover the requested time period.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the organizational charts for Night Vision and Electronic Sensors

Directorate (Night Vision), which is located at Ft. Belvoir, Virginia" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant further responds that prior to September 1994, the Countermine Division of Night Vision was part of the Belvoir Research, Development and Engineering Center (BRDEC). When BRDEC was dissolved due to a Base Realignment and Closure decision, the Countermine Division was moved to Night Vision. Organization charts for BRDEC no longer exist.

REQUEST NO. 13 [sic, 47]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the [sic] Cyterra's proposals submitted to the Government regarding the provision, testing, design, sale, manufacturing of handheld mine detection devises [sic], including, but not limited to the humanitarian demining handheld detector. Include in your response Cyterra's proposals for the following contracts DAAB12-96-C-0014,

DAAB15-01-C-0004, DAAB15-02-C-0015, DAAB15-02-C-0026, DAAB15-03-C-0025, DAAB15-03-C-0024, DAAB15-03-C-0031 and W909MY-04-C-0026.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the [sic] Cyterra's proposals submitted to the Government regarding the provision, testing, design, sale, manufacturing of handheld mine detection devises [sic]" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G13525-G57610, G58369-G58656, and G58674-G63440. In addition, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 14 [sic, 48]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the engineer and/or design and/or technical drawings and/or drawing packages submitted to the Government by Cyterra regarding the provision, testing, design, sale, manufacturing of handheld mine detection devises [sic], including, but not limited to the humanitarian demining handheld detector. Include in your response drawings regarding or relating to the following contracts DAAB12-96-C-0014, DAAB15-01-C-0004, DAAB15-02-C-0015, DAAB15-02-C-0026, DAAB15-03-C-0025, DAAB15-03-C-0024, DAAB15-03-C-0031 and W909MY-04-C-0026. Also, include in your response the drawing package referenced in G051250, which was submitted to the Government in May 2004.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the

engineer and/or design and/or technical drawings and/or drawing packages submitted to the Government by Cyterra regarding the provision, testing, design, sale, manufacturing of handheld mine detection devises [sic]" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it is duplicative of plaintiff's Request Nos. 32 and 43. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G64846-G65288. Defendant will be producing additional responsive documents that have been found as a result of a reasonable search. Defendant further responds that it did not purchase a Technical Data Package for the HSTAMIDS or AN/PSS-14 mine detectors, so defendant does not have a complete set of engineering drawings or configuration control documents for this system in its possession, custody, or control. Defendant additionally responds that it could not locate the drawing package referenced in G051250 as part of a reasonable search.

REQUEST NO. 15 [sic, 49]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the policies employed by Night Vision and Electronic Sensors Directorate (Night Vision) located at Ft. Belvoir, Virginia and/or its predecessor divisions regarding or relating to the use of intellectual property, including, but not limited to the protection of intellectual property owned by entities other than the Government.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the policies employed by Night Vision and Electronic Sensors Directorate (Night Vision) located at Ft. Belvoir, Virginia and/or its predecessor divisions regarding or relating to the use of intellectual property" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it seeks documents covered by the attorney-client privilege, deliberative process

privilege, or work product exemption. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant further responds that Night Vision is bound by the following statutes and regulations: 5 U.S.C. § 552a, 7 U.S.C. § 423, 15 U.S.C. §§ 3701-17, 18 U.S.C. § 1905, 35 U.S.C. §§ 200-12, FAR 3.104 & 52.227, DFARS 252.227, AFARS 5127, and Army Regulation 27-60.

REQUEST NO. 16 [sic, 50]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the policies employed by the Army regarding or relating to the use of intellectual property, including, but not limited to the protection of intellectual property owned by entities other than the Government.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the

policies employed by the Army regarding or relating to the use of intellectual property" may include a vast universe of documents that are not relevant to these proceedings. Defendant also objects to this request to the extent it seeks documents covered by the attorney-client privilege, deliberative process privilege, or work product exemption. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant further responds that the Army is bound by the following statutes and regulations: 5 U.S.C. § 552a, 7 U.S.C. § 423, 15 U.S.C. §§ 3701-17, 18 U.S.C. § 1905, 35 U.S.C. §§ 200-12, FAR 3.104 & 52.227, DFARS 252.227, AFARS 5127, and Army Regulation 27-60.

REQUEST NO. 17 [sic, 51]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to the milestones on the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program, including, but not limited to the briefings presented for milestones 1, 2, 3 and 4 and all contracts and/or

modifications and/or task orders awarded in support of these milestone efforts.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the milestones on the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 18 [sic, 52]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which

relate in any way to the requests for funding for the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the requests for funding for the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) program" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 19 [sic, 53]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which

relate in any way to the requests for funding regarding or relating to AN/PSS-14 handheld mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to the requests for funding regarding or relating to AN/PSS-14 handheld mine detection devices" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 20 [sic, 54]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which

relate in any way to the termination of GDE's U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Subject to the foregoing general and specific objections, defendant responds that it did not terminate any of GDE's contracts related to HSTAMIDS. Therefore, defendant does not have any responsive documents in its possession, custody, or control.

REQUEST NO. 21 [sic, 55]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to justifications and/or findings of fact for issuance of modifications and/or for purchase(s) without using full and open competition regarding or relating to the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract and/or the AN/PSS-14 handheld mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to justifications and/or findings of fact for issuance of modifications and/or for purchase(s) without using full and open competition" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G13525-G57610, G58369-G58656, and G58674-G63440.

REQUEST NO. 22 [sic, 56]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to Organizational Conflicts of Interest (OCI) analyses performed regarding the purchase of handheld mine detection devices. Include in your response any such OCI analysis regarding or relating to the

purchase of handheld mine detection devices for use in Bosnia and/or for other humanitarian uses.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Subject to the foregoing general and specific objections, defendant does not have any responsive documents in its possession, custody, or control.

REQUEST NO. 23 [sic, 57]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to deliverables under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract and/or regarding or relating to the AN/PSS-14 handheld mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to deliverables under the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract and/or regarding or relating to the AN/PSS-14 handheld mine detection devices" may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant has already produced responsive documents, including without limitation the documents located at defendant's production numbers G13525-G57610, G58369-G58656, and G58674-G63440. In addition, defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 24 [sic, 58]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which relate in any way to Government Operational Requirements documents

that were used by the Government as a basis to procure handheld mine detection devices.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to Government Operational Requirements documents that were used by the Government as a basis to procure handheld mine detection devices" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Subject to the foregoing general and specific objections, defendant will produce responsive documents that were found as a result of a reasonable search. Defendant will also make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

REQUEST NO. 25 [sic, 59]:

Identify and provide, or make available for inspection and copying, any and all documents to which you refer, upon which you relied, or which

relate in any way to antenna studies that were conducted after the conclusion of the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract. Include in your answer the studies referenced by Dr. Broach in his deposition.

Specific Objections and Response

Defendant specifically objects to this request to the extent it is vague, ambiguous, and unlimited in scope because it is not clear what is meant by "to which you refer." Furthermore, documents that "relate in any way to antenna studies that were conducted after the conclusion of the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract" is ambiguous and may include a vast universe of documents that are not relevant to these proceedings. Defendant interprets "antenna studies that were conducted after the conclusion of the U.S. Army's Hand-held Standoff Mine Detection System (HSTAMIDS) contract" to mean the "HSTAMIDS Red Team" effort. Subject to the foregoing general and specific objections,

defendant will make documents not previously produced available for inspection at a mutually agreeable time at Ft. Belvoir, Virginia.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

JOHN A. HUDALLA
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 307-0334
Facsimile: (202) 307-0345

Attorneys for Defendant

Of Counsel:
GARY L. HAUSKEN
Attorney
U.S. Department of Justice

January 29, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT" was sent by facsimile and first-class mail, postage prepaid, this 29th day of January 2007 to:

Thomas O. Mason, Esq.
Williams Mullen
A Professional Corporation
8270 Greensboro Drive
Suite 700
McLean, VA 22102
Phone: (703) 760-5200
Facsimile: (703) 748-0244

Counsel for Plaintiff

Elizabeth D. Elliott

Elizabeth D. Elliott
U.S. Department of Justice
Telephone: (202) 514-6681